UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERVIN MIDDLETON, <br><br> Plaintiff, <br><br> v. <br><br> CCB CREDIT SERVICES, INC., <br><br> Defendant. | Case No. 2:12-cv-02012-APG-VCF <br><br> **ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** <br><br> (Dkt. No. 29) |

Before the Court is Defendant CCB Credit Services, Inc.'s Motion for Summary Judgment. For the reasons discussed below, I grant the motion.

**I.   BACKGROUND**

Plaintiff Ervin Middleton seeks $3,000.00 for Defendant CCB Credit Services, Inc.'s alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). (*See* Doc. # 1-1.) Defendant removed the action to federal court and now seeks summary judgment on the claims, arguing both that the FDCPA claim is barred by the applicable statute of limitations and that Plaintiff cannot state a claim under the FCRA. I agree. Because Plaintiff has failed to raise a genuine issue of material fact with respect to Defendant's arguments, the motion is granted.

The following facts are undisputed. Defendant is a collection agency that received the referral of Plaintiff's $428.79 credit card debt from the original creditor First Premier Bank.[1] (Dkt. # 24, Krech Decl. ¶¶ 3–5.) Defendant attempted to collect the debt from Plaintiff, but was unsuccessful. (*Id.* at ¶ 5.) Defendant then closed the account regarding Plaintiff's debt, returned the account to the original creditor, and ceased collection activity. (*Id.* at ¶ 5, Ex. B).

When First Premier Bank first referred the debt, Defendant conducted a "soft-pull" of Plaintiff's credit—an inquiry into Plaintiff's credit information that does not affect the credit

---

[1] Plaintiff also filed a complaint against First Premier Bank in this District. *Middleton v. First Premier Bank*, No. 2:13-cv-01344-MMD-GWF.

score—to verify information about the Plaintiff and to ensure the Plaintiff was not in bankruptcy. (*Id.* at ¶ 10, Ex. B.) Defendant did not, however, request or obtain a copy of Plaintiff's credit report—a "hard pull," which would have an effect on Plaintiff's credit score. (*Id.* at ¶ 11.) Additionally, Defendant never furnished any information regarding Plaintiff's debt to the credit reporting agencies and never received notice from a credit reporting agency that Plaintiff was disputing any information on his credit report. (*Id.* at ¶¶ 12–13.)

## II.   DISCUSSION

### A.  Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show

that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. The Court may consider only evidence which might be admissible at trial in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

**B. Analysis**

Defendant argues that summary judgment should be granted in its favor because any claim under the FDCPA would be barred by the applicable statute of limitations and Plaintiff cannot state a claim under the FCRA. Defendant has established that its collection efforts ceased on May 19, 2011. (Dkt. # 24, ¶ 5, Ex. B.) Defendant has further established that it did not report any information to the credit reporting agencies and never received any information from those agencies informing them Plaintiff was disputing information in the credit report. (*Id*. at ¶¶ 12–13.) Plaintiff has not produced any evidence disputing this evidence or showing a genuine issue of material fact.

*1. FDCPA Claim*

Civil claims arising under the FDCPA are subject to a one-year statute of limitations from the date of the violation. 15 U.S.C. § 1692k(d); *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997). Plaintiff's FDCPA claim is based on allegations of harassing and oppressive behavior in connection with Defendant's collection of the debt. (Dkt. #28.) However, Defendant ceased all collection activities on May 19, 2011. (Dkt. #24, ¶ 5; Ex. B.) Plaintiff has failed to produce any evidence disputing that date or showing a genuine issue of material fact with respect to when Defendant ceased its collection activities. Thus, even assuming Plaintiff's allegations of harassing and oppressive behavior are true, Plaintiff was required to file this action by May 19, 2012. Plaintiff's complaint was not filed until October 6, 2012. (Doc. #1, Ex. A.) Consequently, any action for Defendant's violations of the FDCPA is barred by the statute of limitations, and Defendant is entitled to judgment as a matter of law.

*2. FCRA Claim*

Defendant also contends the Plaintiff cannot state a claim under the FCRA.[2] The purpose of the FCRA is "to protect consumers from the transmission of inaccurate information about them . . . and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (citations removed). Although the FCRA's requirements primarily apply to credit reporting agencies, it imposes some obligations on parties using the consumer reports and reporting information to the credit reporting agencies. *See* 15 U.S.C. §§ 1681–1681x. Generally, those obligations are to request consumer reports only for "permissible purposes," 15 U.S.C. §§ 1681b, 1681n(a)(1)(B), provide the consumer with certain information if denying the extension of credit based on information a consumer report, 15 U.S.C. § 1681m, provide accurate information to the credit reporting agencies, 15 U.S.C. § 1681s-2(a), and take certain actions after receiving notice from a credit reporting agency that the consumer has disputed information contained in a report, 15 U.S.C. § 1681-2s(b).

Plaintiff cannot state a claim under the FCRA because Defendant has established that none of the obligations under the FCRA is applicable here. First, even assuming the "soft pull" of Plaintiff's credit fals under the purview of the FCRA, "collection of an account of" the consumer is a "permissible purpose" for requesting a consumer report. 15 U.S.C. § 1681b(a)(3)(A). Second, Defendant did not deny the extension of credit to Plaintiff, and thus the obligation to provide the mandated information was not triggered. Third, Defendant has established that it did not report any information to a credit reporting agency so there can be no liability for inaccuracies. Finally, Defendant has established that it never received notice of a dispute from a credit reporting agency and, as such, none of the corresponding obligations was triggered. As

---

[2] Defendant initially argues that Plaintiff's Complaint fails to state a claim because its sole conclusory allegation that Defendant owes Plaintiff money "for violations of FCRA" is insufficient under the *Iqbal*/*Twombly* pleading standard. Although true, it must be remembered that Plaintiff originally filed the complaint in Nevada small claims court, using the form provided in compliance with Rule 89 of Nevada's Justice Court Rules of Civil Procedure. Defendant may not remove a small claims action to federal court, and then seek summary judgment based on the fact that the small claims form does not comply with the federal pleading standard.

Plaintiff has not provided any evidence showing a genuine issue of material fact with respect to these obligations, Defendant is entitled to judgment as a matter of law.

### III.	CONCLUSION

IT IS THEREFORE ORDERED that Defendant CCB Credit Services, Inc.'s Motion for Summary Judgment is GRANTED. The Clerk of the Court is instructed to enter judgment in favor of CCB Credit Services, Inc. and to close the case.

DATED THIS 14th day of July, 2013.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE